**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2005**

MARIETTA MILLER-JONES,

Plaintiff - Appellant,

v.

PRINCE GEORGE'S COMMUNITY COLLEGE,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:14-cv-03517-DKC)

Submitted: May 31, 2017                                    Decided: June 7, 2017

Before KING, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey H. Simpson, WEBSTER & FREDERICKSON, P.L.L.C., Washington, D.C., for Appellant. Darrell R. VanDeusen, J. Garrett Wozniak, KOLLMAN & SAUCIER, P.A., Timonium, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marietta Miller-Jones, an African-American, appeals from the district court's order granting Defendant Prince George's Community College's (PGCC) summary judgment motion on her race discrimination claim, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2016). Miller-Jones argues that the district court ignored evidence, improperly resolved factual disputes in favor of PGCC, and based its ruling on impermissible inferences. Last, she maintains that a jury could have found that PGCC's non-discriminatory reason not to promote her was a pretext for racial discrimination. We affirm.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Smith v. Gilchrist*, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Seremeth v. Bd. of Cty. Comm'rs*, 673 F.3d 333, 336 (4th Cir. 2012).

Under Title VII, a plaintiff may establish discrimination by her employer (1) "through direct and indirect evidence," also known as the "mixed-motive" framework, or (2) "through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 [(1973)]," also known as the "pretext" framework. *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015). The "pretext" framework has three steps: (1) "the plaintiff must first establish a prima facie case of employment discrimination"; (2) "the burden of production then shifts to the employer to articulate a

2

non-discriminatory . . . reason for the adverse action"; and (3) "the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).

A plaintiff fails to meet her burden for showing pretext if "the record conclusively revealed some other, non-discriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 649 (4th Cir. 2002) (internal quotation marks omitted). An assertion of pretext is less believable where the selection committee is composed of individuals of the same protected class as the plaintiff. *See Love v. Alamance Cty. Bd. of Educ.*, 757 F.2d 1504, 1509 (4th Cir. 1985) (noting that selection committee was composed of several African-Americans and/or women when denying race and gender discrimination claim).

Against this framework, we have thoroughly reviewed the parties' briefs, the district court record, and the joint appendix, and we discern no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See Miller-Jones v. Prince George's Cmty. Coll.*, No. 8:14-cv-03517-DKC (D. Md. Aug. 4, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*